United States District Court
Southern District of Texas
**ENTERED**
February 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT         SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Ronald Lee Alexander Sr., § | |
|     Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action H-20-608 |
| Lorie Davis, § | |
| Director, Texas Department § | |
| of Criminal Justice, Correctional § | |
| Institutions Division, § | |
|     Respondent. § | |

# Memorandum and Recommendation

Ronald Lee Alexander Sr. has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary case. (D.E. 1.) The court recommends that the petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

## 1. Background

According to the petition, Alexander is serving a sentence in the John M. Wayne Unit of the Texas Department of Correctional Justice for a 1998 conviction. On November 6, 2019, he was found guilty of a disciplinary violation for injuring himself while cutting meat without using protective equipment. (D.E. 1 at 6.) As punishment, Alexander lost his job as a butcher and fifteen days of commissary privileges. Alexander argues that the disciplinary charge violated his constitutional rights and seeks $10,000 in damages for his injury.

## 2. Analysis

Federal habeas relief is not available "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (internal

quotations omitted). In the context of a Texas inmate's challenge to a prison disciplinary proceeding, the focus is on whether the punishment imposed deprived the petitioner of a constitutional right. *Buchanan v. Director, TDCJ-CID*, No. 6:17cv505, 2017 WL 6512357, at *1 (E.D. Tex. Dec. 19, 2017). Thus, the petitioner must show 1) that he has been punished by the loss of good time credits, and 2) that he is eligible for release on mandatory supervision. *Id.*

Alexander does not allege the loss of any good time credits. (D.E. 1 at 5.) He also states that he is not eligible for mandatory supervision. *Id.* Therefore, Alexander has not been deprived of any constitutional right. "[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). The loss of privileges constitutes only a change in the conditions of confinement, not the length of confinement, which does not implicate due process concerns. *Marx v. Stephens*, No. H-14-03193, 2014 WL 6453610, at *3 (S.D. Tex. Nov. 17, 2014).

To the extent that Alexander alleges he was subject to unconstitutional conditions of confinement or prison procedures, a federal civil rights action is the proper vehicle to seek appropriate relief. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). If Alexander intends to pursue his civil rights claims, he must file a new action under 42 U.S.C. § 1983.

3. Conclusion

The court recommends that Alexander's petition for writ of habeas corpus be denied with prejudice as to his challenge to the prison disciplinary proceeding because no constitutional violation has been established. Because reasonable jurists would not find the court's assessment of Alexander's claims debatable or wrong, the court recommends that a certificate of appealability not be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on February 24, 2020.

Peter Bray
United States Magistrate Judge